[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellee Christina B. Grudzinski, M.D., was "permanently suspended" from a residency program at the Medical College of Ohio ("MCO"). She successfully sued for reinstatement on the ground that she had been denied due process of law. But the Sixth Appellate District stayed the trial court's preliminary injunction against Grudzinski's permanent suspension from the residency program pending MCO's appeal. Thus, until the court of appeals ruled on the merits of MCO's appeal, or until it lifted the stay, Grudzinski was prevented from participating in the residency program.
Ultimately, the Sixth Appellate District accelerated its consideration of the merits of MCO's appeal and affirmed the judgment of the trial court.[1] But, prior to the expeditious appellate review, Grudzinski was concerned that, despite her success on the merits in the trial court, the stay of that court's judgment and the delay on appeal would adversely affect her completion of the residency program. So, even though Grudinski had retained counsel to represent her in MCO's appeal, she also sought legal advice about how she might expedite her return to the residency program.
Grudzinski contacted the plaintiff-appellant, attorney Stephen R. Felson. Felson advised Grudzinski that the Sixth Appellate District had no jurisdiction to entertain the appeal or to stay the preliminary injunction since there was no appealable order. He then offered to draft and to file on her behalf a writ of mandamus with the Ohio Supreme Court espousing this theory. Grudzinski agreed. But, in fact, the Revised Code had been amended in 1998 to expressly provide that a preliminary injunction was indeed an appealable order and thus was subject to appellate review.[2]
When Grudzinski discovered that Felson's advice had been erroneous, she requested that he cease working on her behalf. But Felson had completed the work and sought payment of $1501.50. Grudzinski refused to pay and Felson sued.
The trial court entered judgment for Grudzinski and issued findings of fact and conclusions of law. The court concluded that Grudzinski and Felson had formed a contract, but that there had been a failure of consideration because the proposed writ of mandamus could not have obtained the result Grudzinski desired. Felson now appeals from the court's judgment and raises two assignments of error. He argues that his advice that Grudzinski should seek a writ of mandamus from the Ohio Supreme Court was appropriate, and that he should have been entitled to charge Grudzinski for the assistance he had received from a Columbus attorney, even though that attorney had not billed either Grudzinski or Felson.
Because Felson has not included a transcript of the trial court's proceedings, the parties agree that we must accept the court's findings of fact. Accepting these findings, we find no error in the court's conclusions of law and overrule both of Felson's assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Painter, JJ.
[1] See Grudzinski v. Medical College of Ohio (Apr. 12, 2000), Lucas County App. No. L-00-1098, unreported.
[2] See R.C. 2505.02(B)(4).